## MARY E. STERLING v. GEORGE B. MILLER.[1]

October 26, 1917.

No. 20,504.

Appointment of guardian for incompetent — finding sustained by evidence.

In proceedings for the appointment of a guardian for the estate of an alleged incompetent, it is *held* that the evidence sustains the finding of the trial court that the person of whose estate the guardian was asked was not unable or incompetent to have the care and management of his property.

Mary E. Sterling petitioned the probate court for Yellow Medicine county for the appointment of Charles L. Hardy as guardian of the estate of her father, George B. Miller, who was alleged to be incompetent by reason of old age and loss of his mental faculties. From an order appointing Hardy as guardian, George B. Miller appealed to the district court for that county. The appeal was tried before Daly, J., who made findings and reversed the order of the probate court. From an order denying her motion for a new trial, Mary E. Sterling appealed. Affirmed.

*John A. Dalzell* and *L. D. Barnard,* for appellant.

*Davis & Michel* and *Bert O. Loe,* for respondent.

BUNN, J.

On the petition of appellant the probate court of Yellow Medicine county, after a hearing, appointed a guardian of the estate of George B. Miller, the father of petitioner, finding that he was unable and incompetent to care for and manage his property. Miller appealed to the district court, where the matter was tried de novo. The district court reversed the order of the probate court, finding that Miller was not unable or incompetent to have the care and management of his property. Petitioner appeals to this court from an order denying a new trial.

The only question is whether the finding referred to is sustained by the evidence. We hold that it is. Appellant's claim that the rule that the

[1]Reported in 164 N. W. 812.

findings of the trial court will not be set aside by this court unless manifestly and palpably against the weight of the evidence does not apply here because the probate judge decided the other way is wholly untenable. It would be profitless to discuss the evidence. We have considered it carefully, with the result stated. The trial court was in a much better position than we are to judge of the capacity of the alleged incompetent. We cannot disturb its decision on the record before us.

Affirmed.